UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FRANK MENLO,                                             :
                                                         :
                                    Plaintiffs,          :
                                                         :
                          -against-                      :
                                                         :
FRIENDS OF TZEIREI CHABAD IN ISRAEL,                     :
INC., also known as "Friends of Tzeirei Chabad",         :
"Tzeirei Chabad of Israel", "Friends of Tzeirei          :
Chabad in Israel", "Chabad Friends for Israel            :
Foundation", and "Friends of Tzeirei Chabad of           :
Israel, Inc.",                                           :
                                                         :
                                    Defendant.           :
                                                         :
------------------------------------------------------------ X

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:                      │
│ DATE FILED: JAN 1 7 2012    │
└─────────────────────────────┘
```

11-CV-1978 (JPO)

MEMORANDUM
DECISION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Frank Menlo brought this suit against Defendant Friends of Tzeirei Chabad in

Israel for breach of a loan agreement or, in the alternative, money had and received. (Dkt. No.

1.)  Currently before the Court are two motions: (1) Plaintiff's motion for summary judgment

(Dkt. No. 10) and (2) Defendant's "cross-motion" (Dkt. No. 24) to strike a reply affidavit filed

by Plaintiff's counsel David Lobl in support of Plaintiff's motion for summary judgment.  For

the reasons set forth below, Plaintiff's motion for summary judgment is DENIED.  Defendant's

motion to strike is also DENIED, and Defendant's attorney Elliot Wales shall show cause as to

why that motion to strike does not violate Federal Rule of Civil Procedure 11(b).

**I.      Background**

For many years before this litigation, Plaintiff Menlo or his family's Menlo Foundation

made significant charitable contributions to organizations affiliated with Defendant. (Dkt. No.

11 at ¶ 4; Dkt. No. 19 at ¶ 2.)  Plaintiff alleges that Defendant's president, Rabbi Yosef Yitzhak

Aharonov, met with Plaintiff on April 19, 2010, and asked for a loan of $950,000 on behalf of

Defendant. (Dkt. No. 11 at ¶ 6.)  According to the Plaintiff:

> [Aharonov] told [Plaintiff] that the loan would be repaid on or about June 4 or 5,
> 2010, when a case that the Defendant was involved in would be resolved.  . . .
> [Plaintiff] told Rabbi Aharonov that [Plaintiff] would agree to personally loan the
> money he requested if it would be repaid in full by not later than June 5, 2010.
> [Aharonov] agreed.

(Dkt. No. 11 at ¶¶ 6-7.)  Plaintiff then effected a wire transfer of $950,000 to Defendant on April

19, 2010.  (Dkt. No. 11 at ¶¶ 8-10, Exs. 1-3.)  Soon thereafter, Plaintiff received from Aharonov

a "Letter of Commitment" addressed to Plaintiff and dated April 29, 2010, which stated that "in

respect of a loan you gave to The friends of Tzerei Chabad,[1] sum of 950,000 USD . . . , I agree

secure [sic] the repayment of the loan . . . ." (Dkt. No. 11 at ¶ 11, Ex. 4.)  Plaintiff claims that he

did not receive repayment as promised on June 5, 2010, or thereafter in response to Plaintiff's

"many requests." (Dkt. No. 11 at ¶ 12.)

Plaintiff filed suit on March 22, 2011.  (Dkt. No. 1)  On April 27, 2011, Defendant filed

an answer, which admitted that the wire transfer occurred but denied the existence of a loan.

(Dkt. No. 3 at ¶¶ 4-5.)  Defendant amended its answer on July 12, 2011, to add a statute of frauds

defense.  (Dkt. No. 8 at ¶ 7.)  In a sworn statement opposing Plaintiff's summary judgment

motion, Aharonov states that:

> Menlo agreed to a $950,000 <u>contribution</u> to Chabad[2] with the proviso—<u>if and
> when</u> Chabad receives the $950,000 from [separate litigation], Chabad shall
> return the $950,000 to Menlo, if so requested.  . . .  [T]his arrangement was not a
> loan . . . .

(Dkt. No. 19 at ¶¶ 5-6 (emphasis in original).)

---

[1] Aharonov's letter refers to "The friends of Tzerei Chabad" (Dkt. No. 11, Ex. 4.), though this is not one of the
spellings listed for the name of the defendant organization in the caption of this case.
[2] Throughout Defendant's papers in this litigation, Defendant is referred to as Chabad.

## II.   Plaintiff's Motion for Summary Judgment

### A.   Standard of Review

Summary judgment is appropriate in a case where the evidence, viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Vacold, L.L.C. v. Cerami*, 545 F.3d 114, 121 (2d Cir. 2008). The moving party bears the burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" only if it will affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For there to be a "genuine" issue about the fact, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether there is a genuine issue of material fact, the Court must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Where there is no evidence in the record "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is proper. *Catlin v. Sobol*, 93 F.3d 1112, 1116 (2d Cir. 1996). The nonmoving party can defeat summary judgment by presenting evidence sufficient to create a genuine issue of material fact, though "[m]ere speculation and conjecture is insufficient to preclude the granting of the motion." *Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

### B.   Discussion

Plaintiff argues that there is no genuine dispute of material fact in this case because Defendant acknowledged the existence of a loan in the "Letter of Commitment." (Dkt. No. 13 at 2-3; Dkt. No. 11, Ex. 4.) Given Defendant's admission of a loan, Plaintiff argues that repayment

was due either on June 5, 2010 (as Plaintiff claims the parties agreed) or upon demand (by operation of New York law).   (Dkt. No. 13 at 3, 5-6 (citing N.Y. U.C.C. Law § 3-108 (McKinney 2011) ("Instruments payable on demand include . . . those in which no time for payment is stated.")).)

Defendant's president states in affidavit that Plaintiff's wire transfer was to be repaid only upon occurrence of a certain condition.  (Dkt. No. 19 at ¶¶ 5-6.)  This statement creates a dispute of fact.  As discussed above, a dispute of fact will preclude summary judgment if the fact is material and the dispute is genuine.

> ### 1.     Materiality

Plaintiff's current right to repayment under his breach-of-loan-agreement claim depends on the terms of the parties' agreement.  To collect under his other claim for money had and received, Plaintiff must show that "(1) the defendant received money belonging to [the] plaintiff, (2) the defendant benefited from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money."  *State v. Int'l Asset Recovery Corp.*, 866 N.Y.S.2d 823, 826 (N.Y. App. Div. 2008) (citation and quotation marks omitted).

The disputed fact here is whether the parties (a) agreed to a loan repayment date of June 5, 2010, or failed to agree to a repayment date or (b) agreed to reimbursement of a contribution upon occurrence of a certain condition.  Under either of Plaintiff's theories, resolution of this dispute of fact would be dispositive of the case.  The disputed fact is material because it would certainly "affect the outcome" of this action.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 2.   Genuineness

The agreement alleged by the plaintiff is an oral one.  As such, to establish the terms of the agreement, a fact-finder at trial would need to rely on evidence extrinsic to the agreement itself, at the very least in the form of testimony regarding the terms of the alleged oral agreement. Among the evidence proffered for this summary judgment motion, only the sworn statements of Plaintiff and Defendant's president Aharonov speak directly to the agreement's terms for repayment.    A fact-finder at trial would need to weigh the credibility of Plaintiff's and Aharonov's statements to decide the instant dispute of fact.

Aharonov's position appears to be severly undermined by the inconsistency between his denial of a loan and his signature on a letter referring to the transfer as "a loan." (*Compare* Dkt. No. 19 at ¶ 6 *with* Dkt. No. 11, Ex. 4.)  However, Plaintiff's own affidavit states that Aharonov first proposed that "the loan would be repaid on or about June 4 or 5, 2010, *when a case that the Defendant was involved in would be resolved.*" (Dkt. No. 11 at ¶ 6.)  This proposal accords with Defendant's assertion that the parties agreed to repayment upon Defendant's successful resolution of separate litigation.   Given the lack of clarity into the negotiations, a reasonable judge or jury could find that the Plaintiff has not met its burden of proving that the parties reached an agreement under which Plaintiff is *now* entitled to repayment.   Similarly, given the lack of clarity into the negotiations, a reasonable fact-finder could determine that Plaintiff has not shown that equity and good conscience require Defendant's repayment at present.   Under either of Plaintiff's theories, a reasonable fact-finder could then return a verdict for Defendant. The instant dispute of fact is therefore genuine. *See Anderson*, 477 U.S. at 248.

### 3.   Summary Judgment Denied

The parties' dispute over the required timing and conditions of repayment under their agreement presents a genuine issue of material fact as to both of Plaintiff's claims for breach of loan agreement and money had and received. Accordingly, summary judgment must be denied as to both claims at this juncture in the case.

## III.   Defendant's Motion to Strike

On December 12, 2011, Defendant filed notice of what it termed a "cross-motion" (Dkt. No. 24.) to strike the reply affidavit that attorney David Lobl filed in support of Plaintiff's motion for summary judgment.   The substance of Defendant's motion, as stated in an accompanying affirmation of Attorney Elliot Wales, is as follows:

> [Plaintiff] Menlo improperly used his attorney David Lobl to raise the issue in Lobl's reply affidavit as to a purported loan acknowledgement by Aharonov's [sic]. Obviously, Lobl had no "personal knowledge" of a purported document. See Rule 602, Federal Rules of Evidence.  . . .  The purported loan acknowledgement was never authenticated by plaintiff's evidence that the document purported to be what it allegedly claimed to be. . . . Rule 901 of the Federal Rules of Evidence requires foundation evidence, such as deposition testimony, to authenticate an exhibit. Nevertheless, attorney Lobl improperly treated the document as it [sic] had been authenticated (which it was not) and if he had "personal knowledge" of the document (which he did not).

(Dkt. No. 23 at ¶¶ 6-8 (emphasis in original).)   Defendant's motion requested that the Court "impose sanctions and attorney fees ($5,000)," presumably against Attorney Lobl.  (Dkt. No. 22 at 3.)

Defendant's contentions in this motion have no merit.  Federal Rule of Evidence 901(b) provides an illustrative list of acceptable methods for authentication.  The very first among these is "[t]estimony of witness with knowledge."  Fed. R. Evid. 901(b)(1).  Plaintiff was a witness with knowledge of the transaction at issue, and in his affidavit in support of his motion for

6

summary judgment, Plaintiff stated that he "received Rabbi Aharonov's 'Letter of Commitment' . . . [a] copy of [which] is attached hereto as Plaintiff's Exhibit 4." (Dkt. No. 11 at ¶ 11.) Attorney Lobl then stated in his reply affidavit that "[i]n light of the written admission signed by the president of the defendant, Rabbi Aharonov, on April 29, 2010, that the $950,000 received 10 days earlier, on April 19, 2010, was a 'loan', plaintiff elected to move for summary judgment." (Dkt. No. 20 at ¶ 5.) Attorney Lobl had sufficient personal knowledge to make this statement about Plaintiff's decision to move for summary judgment, discussing a letter that had been authenticated.

Defendant's frivolous motion to strike must be denied. Further, Federal Rule of Civil Procedure 11(b) establishes that by presenting any written motion to a federal court, an attorney

> certifies that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) [the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (2) the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). It appears likely to this Court that Defendant's counsel had an improper purpose in filing its motion to strike and that Mr. Wales knew (or certainly should have known) that the legal contentions in the motion to strike were not warranted by existing law or a nonfrivolous argument for changing the law.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's motion for summary judgment (Dkt. No. 10) is hereby DENIED without prejudice to refiling if and when new evidence makes a new motion appropriate.

Further, it is ORDERED that Attorney Elliot Wales shall show cause, in writing, by February 1, 2012, as to why Defendant's motion to strike (Dkt. Nos. 22-24) does not violate Rule 11(b).  *See* Fed. R. Civ. P. 11(b).

Dated: New York, New York
      January 13, 2012

                                     J. PAUL OETKEN
                              United States District Judge